IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JACK BOCK,

        Plaintiff,

v.                                    Civil Action No. 5:05CV184
                                                    (STAMP)
JO ANNE B. BARNHART,
Commissioner of Social
Security Administration,

        Defendant.

## MEMORANDUM OPINION AND ORDER
## GRANTING PLAINTIFF'S MOTION TO DISMISS

On November 14, 2005, the plaintiff in the above-styled civil
action filed a complaint against the Commissioner of Social
Security Administration ("Commissioner") appealing a final decision
of the Commissioner regarding the plaintiff's claim for disability
benefits pursuant to the Social Security Act.  On January 17, 2006,
the defendant filed an answer to the plaintiff's complaint arguing
that the plaintiff was not entitled to disability insurance
benefits or supplemental security income and that the
Commissioner's findings of fact were supported by substantial
evidence.  On June 9, 2006, the plaintiff filed a motion to dismiss
his complaint.  For the reasons stated below, this Court finds that
the plaintiff's motion should be granted and that this action
should be dismissed with prejudice.

Pursuant to Rule 41 of the Federal Rules of Civil Procedure,
a plaintiff has an absolute right to unilaterally dismiss his
complaint until an answer or motion for summary judgment has been

filed.  Fed. R. Civ. P. 41(a)(1); <u>Marex Titanic, Inc. v. The</u>
<u>Wrecked and Abandoned Vessel</u>, 2 F.3d 544, 546 (4th Cir. 1993).
However, because the defendant in this action has filed an answer,
the plaintiff's right to dismiss is not absolute, but requires the
plaintiff to proceed pursuant to Rule 41(a)(2) of the Federal Rules
of Civil Procedure.  "The decision to grant a voluntary dismissal
under Rule 41(a)(2) is a matter for the discretion of the district
court, and its order will ordinarily not be reversed except for an
abuse of discretion." <u>Davis v. USX Corp.</u>, 819 F.2d 1270, 1272 (4th
Cir. 1987).  Court's in the Fourth Circuit have considered the
following elements when determining whether to dismiss the
plaintiff's action with or without prejudice:

> (1) the opposing party's effort and expense in preparing
> for trial; (2) excessive delay or lack of diligence on
> the part of the movant; (3) insufficient explanation of
> the need for a dismissal; and (4) the present stage of
> the litigation, i.e., whether a motion for summary
> judgment is pending.

<u>See e.g.</u> <u>Teck Gen. Partnership v. Crown Cent. Petroleum</u>, 28 F.
Supp. 2d 989, 991 (E.D. Va. 1998)(citing unpublished opinion <u>Gross</u>
<u>v. Spies</u>, 133 F.3d 914 (4th Cir. 1998)(Table)); <u>Shabazz v. PYA</u>
<u>Monarch, LLC</u>, 271 F. Supp. 2d 797, 799 (E.D. Va. 2003)(same).  This
Court addresses these elements in turn.

    While there is no evidence on the record to indicate the
opposing parties effort or expenses in preparing for trial,[1] this
Court finds that there has been a lack of diligence on the part of

---

[1]Indeed, appeals from the Commissioner are resolved on cross-
motions for summary judgment.

the plaintiff in this action. Pursuant to Local Rule of General
Procedure 83.12, the plaintiff is required to file a brief in
support of his claim for relief within thirty days after the
defendant has filed an answer and a complete copy of the
administrative record. In this action, as stated above, the
federal defendant filed an answer and transcript on January 17,
2006, but the plaintiff failed to file a brief in support of his
claim within the requisite thirty days. In fact, the plaintiff's
motion to dismiss this action was not filed until nearly five
months after the defendant had filed an answer. Accordingly, this
Court finds the second factor weighs in favor of dismissing with
prejudice.

In addition, this Court considers the sufficiency of the
explanation provided by the plaintiff with regard to the need for
a dismissal. In this action, the plaintiff's motion to dismiss
consists of a single sentence: "Plaintiff, by counsel, asks this
Court to dismiss the above-styled action." See Pl.'s Mot. to
Dismiss at 1. The plaintiff has provided no explanation at all in
his motion to dismiss and has failed to provide a memorandum in
support of his motion. Accordingly, this Court finds that the
third factor weighs in favor of dismissing the plaintiff's
complaint with prejudice.[2]

_____

[2]The fourth factor is not entirely applicable to this action
because this is an appeal and any "litigation" has been essentially
completed.

## Conclusion

For the reasons stated above, the plaintiff's motion to dismiss is hereby GRANTED. However, because the plaintiff has failed to be diligent and has failed to provide a sufficient explanation of the need for dismissal, the plaintiff's complaint is hereby DISMISSED WITH PREJUDICE and this civil action is hereby STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this order to counsel of record herein.

DATED:     June 13, 2006


/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE